Eastern District of Kentucky
F I L E D
SEP 07 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-428-GWU

MELODY WILDER,                        PLAINTIFF,

VS.                 **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

Wilder

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

Wilder

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Melody Wilder, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of carpal tunnel syndrome, borderline intellectual functioning, degenerative disc disease, dysthymia, and an anxiety disorder. (Tr. 18). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mrs. Wilder retained the residual functional capacity to perform her past relevant work as a cook, motel maid, fast food worker, and salad maker and, therefore, was not entitled to benefits. (Tr. 21-3). The Appeals Council declined to review, and this action followed.

The ALJ found that the plaintiff could perform medium level work with no physical non-exertional restrictions, despite findings on an MRI showing degenerative disc disease and a disc herniation at L5-S1. (Tr. 134, 155). While state agency reviewing physicians indicated that the plaintiff did not have a "severe" impairment for durational reasons (Tr. 287-8), the ALJ declined to accept their

7

Wilder

opinion, in that Mrs. Wilder's condition did require "some degree of restriction in her residual functional capacity, although I did not find the objective medical evidence supports the severity of pain she alleges" (Tr. 21).

As the plaintiff points out on appeal, the ALJ did not discuss a letter written by the plaintiff's neurologist, Dr. Arden Mark C. Acob, on December 17, 2002, after the state agency physicians had given their opinions. Dr. Acob stated that Mrs. Wilder was being treated for bilateral lumbosacral radiculopathy and right median nerve neuropathy, and that in his opinion she would be unable to work because of these conditions. (Tr. 228). Dr. Acob attached test results showing a positive nerve conduction velocity (NCV) study of the right arm, and abnormal EMG/NCV testing of the lower extremities indicating lumbosacral radiculopathy. (Tr. 229-30,242-3).

While Dr. Acob's opinion is not couched in ideal terms for Social Security disability purposes, it is the only opinion from a treating or examining source regarding the plaintiff's ability to work, and clearly should have been taken into account by the ALJ in rendering a decision. The Sixth Circuit has held that the Commissioner is bound to follow her own procedural regulations at 20 C.F.R. Section 404.1527(d)(2)[1] to "give good reasons" for not giving weight to a treating physician, and a remand is required even if substantial evidence otherwise supports

---

[1] The parallel citation for an SSI application is 20 C.F.R. Section 416.927(d)(2).

8

Wilder

an administrative decision if the regulations are not followed. Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004).

Although this case would require remand because of Wilson, the Court notes that the ALJ's discussion of mental restrictions given by the plaintiff's treating psychiatrist, Dr. Lea Hayag, is inadequate. As previously noted, the ALJ determined that the plaintiff would be "seriously limited but not precluded" only in her ability to understand, remember, and carry out detailed or complex instructions.

Dr. Hayag and other sources at the Comprehensive Care Center (CCC) submitted notes indicating that the plaintiff had been treated since 1997 for issues of depression, panic disorder and, more recently, dysthymia. (E.g. Tr. 183, 194, 203-5, 214, 218, 316, 342). Dr. Hayag submitted a mental residual functional capacity assessment dated August 2, 2003 stating that the plaintiff had a "seriously limited but not precluded" ability to deal with work stresses, function independently, maintain attention and concentration, and understand, remember, and carry out detailed and complex job instructions because of chronic depression, and health problems that included chronic pain, weakness, and numbness of the extremities. (Tr. 290-1). The ALJ extensively discussed the plaintiff's mental complaints, including consultative evaluations by Psychologists Gary Maryman and Reba Moore, as well as the opinions of non-examining sources. (Tr. 17-21). The ALJ explained that, in her opinion, Dr. Hayag's assessment was "largely consistent with Dr.

9

Wilder

Maryman's opinion[2] and with the non-examining medical consultants' opinions in that it recognizes the claimant's limited ability to follow more than simple instructions and her limited ability to deal with work stresses." (Tr. 21). However, since the ultimate RFC finding did not indicate any limitation on dealing with stresses, or the limitations on independent functioning and maintaining attention and concentration, it is obvious that a large part of Dr. Hayag's restrictions were being rejected. "Good reasons" should also be clearly identified for this decision, if it is to be repeated on remand.

The decision will be remanded for further consideration.

This the ____7____ day of September, 2005.

G. WIX UNTHANK
SENIOR JUDGE

---

[2] Dr. Maryman had concluded on the basis of a one-time examination that Mrs. Wilder would be limited to more simple, 1-2 step instructions and would be a good candidate for a medium to lower stress work environment. (Tr. 227).